# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr259-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **PRELIMINARY ORDER** |
| ) | **OF FORFEITURE** |
| ) | |
| LORETTA BLAKENEY-HERRON. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 123]. No response has been received from the Defendant.

## PROCEDURAL HISTORY

On December 17, 2008, the Defendant was charged with conspiracy to commit wire fraud, conspiracy to commit identity theft, wire fraud, aggravated identity theft, and counterfeiting, in violation of 18 U.S.C. §§1349, 1028(f), 1343, 1028A, and 513. [Doc. 3]. The indictment contains a notice of forfeiture of

all currency and monetary instruments which were received during, involved in, or used or intended to be used to facilitate the crimes alleged in this bill of indictment, including ... the following, seized on May 28, 2008:
    a.    $125,000 worth of United States currency and merchandise;
    b.    All stolen, forged and counterfeited securities;
    c.    All fake or forged identity documents;
    d.    All gift cards.

[Id., 13].

On April 15, 2009, the Defendant entered into a plea agreement with Government pursuant to which she agreed to plead guilty to Count One, conspiracy to commit wire fraud, and Count Eleven, aggravated identity theft. [Doc. 113]. The plea agreement contains the following provision:

> The defendant will truthfully disclose all monies, negotiable instruments, securities, or other things of value that are proceeds of or have been involved in, or have been used or intended to be used to facilitate a violation of state or federal law. The defendant further agrees to voluntarily forfeit said property to the United States.
>
> ...
>
> The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

[Id., at 8, 10].

On May 22, 2009, the Defendant attended her Rule 11 hearing and entered her plea of guilty to Counts One and Eleven. [Doc. 120]. The

Government thereafter moved for a preliminary order of forfeiture.

## DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

> As soon as practicable after a ... plea of guilty ... is accepted, on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record, including any written plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

The introductory portion of the bill of indictment describes the conspiracy as involving the theft and creation of securities and identification documents by certain members thereof and the purchase of the same by the Defendant. Defendant would then use stolen or counterfeit checks, forging the true check owner's signature, to purchase merchandise at retail stores. Some of the items bought were later returned and cash was received in exchange. In either event, the retailers initiated interstate wire transmissions to process the checks at issue.

The Defendant is charged in Count One with conspiracy to commit wire fraud. By virtue of the introductory paragraphs, which are incorporated into Count One, the Defendant has pled guilty to conspiracy to commit wire fraud

which affected financial institutions. 18 U.S.C. §982(a)(2) provides that a court shall order a person convicted of conspiracy to commit wire fraud affecting a financial institution to forfeit "to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation." 18 U.S.C. §982(a)(2)(A).

In Count Eleven, the Defendant has pled guilty to aggravated identity theft. The provisions of 18 U.S.C. §982(a)(2)(A) also apply to identity theft and thus, any property constituting the proceeds of or derived from identity theft are subject to forfeiture.

In its motion, the Government specifically identifies two categories of items which were seized during the investigation on May 28, 2008; currency and gift cards. [Doc. 123, at 1]. These two categories were also included in the forfeiture notice of the indictment. [Doc. 3, at 13]. The Defendant has agreed in her plea agreement that these items are to be forfeited. [Doc. 113, at 10]. Although it would have been preferable for the Government to have included an allegation that these specific items constituted or were derived from the proceeds the Defendant obtained as a result of the crimes, the Court finds the admissions of the Defendant in her plea agreement establish a nexus between the property and the offense.

The Court will enter a preliminary order of forfeiture as to the currency which is specified as $1,610.00 in United States Currency. As to the other items, "miscellaneous gift cards," the Court will require further clarification of the identities of the entities which issued the gift cards and a specific number of gift cards.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 123] is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that $1,610.00 in United States currency is hereby preliminarily forfeited to the United States for disposition according to law.

**IT IS FURTHER ORDERED** that the United States may file on or before fifteen (15) days from entry of this Order clarification as to the other items for which it seeks preliminary forfeiture.

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Martin Reidinger
United States District Judge

Signed: August 4, 2009