IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:08cr259

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| LORETTA BLAKENEY-HERRON, | ) | |
| LATOYA BLAKENEY, LAJARIKA | ) | |
| BLAKENEY, LAQUASHA BLAKENEY, | ) | |
| LATOYA MOORE, GARNETT | ) | |
| COULBOURNE, TERRELL ZARDEE, | ) | |
| SHONTAVIA BARBER, and | ) | |
| GABRIEL NEAL. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Amend Restitution Order [Doc. 262].

The Government advises that one victim, Mark L. Schuler, was omitted from the restitution order due to clerical error on the part of the Government. Mr. Schuler sustained a loss of $7,877.62 as a result of the conspiracy. No response opposing an amendment of the order of restitution has been filed by any one of the Defendants.

The restitution order entered for each Defendant was timely under the

Mandatory Victim Restitution Act (MVRA). 18 U.S.C. §3664(d). As stated, no Defendant has objected and the "'intended beneficiaries' of the MVRA's procedural mechanisms 'are the victims, not the victimizers.'" United States v. Balentine, 569 F.3d 801, 806-07 (8th Cir. 2009), *certiorari denied* __ S.Ct. __, 2010 WL 2471088 (2010), *quoting* United States v. Grimes, 173 F.3d 634, 639 (7th Cir. 1999) (the statute clearly allows for the amendment of a timely restitution order). "The MVRA permits amendments to restitution orders to reflect changed circumstances, and neither confers nor terminates a court's jurisdiction." United States v. Vandeberg, 201 F.3d 805, 814 (6th Cir. 2000). The Court therefore has jurisdiction to amend the restitution order since the MVRA "was not created for the benefit of the convicted criminal, but to protect the victims of the crimes of which he has been convicted." United States v. Bogart, 576 F.3d 565, 570 (6th Cir. 2009), *quoting* United States v. Terlingo, 327 F.3d 216, 220 (3rd Cir. 2003). Thus, although this amendment comes more than ninety days after sentencing, this Court retains jurisdiction to amend the order. United States v. Johnson, 400 F.3d 187,199 (4th Cir. 2005), *certiorari denied* 546 U.S. 856, 126 S.Ct. 134, 163 L.Ed.2d 133 (2005); United States v. Zakhary, 357 F.3d 186 (2nd Cir. 2004), *certiorari denied* 541 U.S. 1092, 124 S.Ct. 2833, 159 L.Ed.2d 259 (2004). "[D]istrict courts can enter restitution orders more than ninety days after sentencing provided that

the delay does not prejudice the defendant." Johnson, 400 F.3d at 199. As noted, no objection has been raised and the Court finds the amendment should be granted. Id. ("Absent a defendant's clear showing that his substantial rights have been prejudiced by a §3664(d)(5) delay, it would in fact, defeat the statutory purpose to allow a defendant to invoke this provision in order to avoid paying restitution to the victims of his crime."), *quoting* United States v. Zakhary, 357 F.3d at 192-93; see, *e.g.*, Fed.R.CrimP. 36.

The Clerk of Court is instructed to prepare amended judgments for each Defendant amending the total amount of restitution to the sum of $31,090.32 and amending page 5a of each judgment to include Mark L. Schuler as a payee and the amount of restitution ordered as to him to be $7,877.62. All other terms and provisions of the judgments shall remain the same.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Amend Restitution Order [Doc. 262] is hereby **GRANTED**.

The Clerk of Court is instructed to prepare amended judgments in accordance with this Order.

Signed: June 30, 2010

Martin Reidinger
United States District Judge