IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:12-cv-00539-MR
[Criminal Case No. 3:08-cr-00259-RJC-DCK-1]

| | |
|---|---|
| LORETTA BLAKENEY-HERRON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's petition for a Writ of Audita Querela, filed pursuant to 28 U.S.C. § 1651 [Doc. 1].[1]

## PROCEDURAL HISTORY

On May 22, 2009, Petitioner pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, (Count 1), and aggravated identity theft and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A and 2, (Count 11). [Criminal Case No. 3:08-cr-00259, Doc. 113: Plea Agreement; Doc. 120: Acceptance and Entry of Guilty Plea;

---

[1] Petitioner has styled the petition as one for writ of audita querela. She alleges in the body of the petition that this Court also has jurisdiction under 28 U.S.C. § 2255. [Doc. 1 at 3]. If this Court were to construe the petition as one arising under Section 2255, it would be successive because Petitioner has previously filed another Section 2255 petition pending in this Court, which Petition has been denied. [Civil Case No. 3:11cv127, W.D.N.C.].

Doc. 246: Judgment]. The plea agreement set forth the maximum penalty Petitioner faced for each charge. [Id., Doc. 113 at ¶ 4]. As part of the agreement, Petitioner also agreed to waive all rights to contest the conviction or sentence in an appeal or collateral attack, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 21].

Before Petitioner's sentencing hearing, the probation officer prepared a presentence investigation report ("PSR"). With a total offense level of 28 and a criminal history category of VI, Petitioner faced an advisory guideline range of 140 to 175 months, plus two years for Count 11 to run consecutively. [Id., Doc. 218 at ¶ 102: PSR]. At sentencing on April 6, 2010, the Court accepted the PSR without objection, and found the Guideline Range to be as set out therein. [Id., Doc. 246: Judgment]. On April 6, 2010, after granting a motion by the Government for downward departure based on substantial assistance, the Court sentenced Petitioner to 125 months on Count 1, plus 24 months on Count 11 to run consecutively, totaling 149 months of imprisonment. [Id.]

Petitioner's instant petition is dated June 13, 2012, but it was not stamp-filed until August 20, 2012. [Doc. 1 at 5]. Petitioner contends that she is entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because her sentence was wrongly enhanced

pursuant to 21 U.S.C. § 851(a)(1) based on prior convictions that no longer qualify as convictions under Simmons. [Id. at 3]. On February 22, 2013, following a review of Petitioner's Simmons claim, the Federal Defender of Western North Carolina filed a motion to withdraw as counsel for Petitioner, which motion this Court granted on February 27, 2013. [Doc. 4].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner bases this petition on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), contending that her sentence was enhanced based on prior state court convictions that are no longer considered predicate felonies under Simmons. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a

predicate offense (for either a crime of violence or a controlled substance offense), the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner's reliance on Simmons is unavailing because Simmons simply has no bearing on Petitioner's case. Simmons held that "in deciding whether to enhance federal sentences based on prior North Carolina convictions, [a court looks] not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history." United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012). Except to the extent her prior offenses affected her criminal history score, an issue which is entirely

4

distinct from the statutory and guidelines "enhancements" potentially implicated by Simmons, Petitioner was not sentenced on the basis of any prior predicate state court conviction. Because the rule announced in Simmons has no bearing upon the calculation of Petitioner's criminal history category under the Sentencing Guidelines, it is inapplicable.

The most puzzling part of Petitioner's argument is that she contends that Simmons serves to negate the Government's Notice filed pursuant to 21 U.S.C. §851 which she contends was used to enhance her sentence. The Government, however, never filed an 851 Notice in Petitioner's case. Petitioner was charged with wire fraud and aggravated identity theft, not with a drug crime. The record simply belies Petitioner's argument.

The Court also finds that, even if Simmons were applicable to Petitioner, Petitioner could not obtain relief through a petition for writ of audita querela. It is well settled that a petition may not obtain relief through a writ of audita querela when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255. United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). The Court notes that Petitioner has previously filed a Section 2255 petition in this Court which was denied, and Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 3:07cv346-3-

MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 F. App'x 340 (4th Cir. 2008).

For these reasons, Petitioner's Petition for Writ of Audita Querela must be dismissed.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a Writ of Audita Querela pursuant to 28 U.S.C. § 1651 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: September 21, 2013

Martin Reidinger
United States District Judge